[Cite as *In re R.M.O.*, 2016-Ohio-5879.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| R.M.O. | : | CASE NO.   CA2016-02-010 |
| | : | O P I N I O N<br>9/19/2016 |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 15-P000002

Kevin D. Hughes, 20 South Main Street, Springboro, Ohio 45066, for appellee, J.W.

John D. Smith Law Co., LPA, Andrew P. Meier, 140 North Main Street, Suite B, Springboro, Ohio 45066, for appellant, S.O.

**PIPER, J.**

{¶ 1}  Appellant, a mother to a child born out-of-wedlock ("Mother"), appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, changing the name of her child at the request of appellee, the child's father ("Father").

{¶ 2}  Mother and Father met when they worked together at a retail store.  Mother became pregnant with the parties' child, and Father attended a few doctor appointments with Mother.  However, the couple separated before the child was born and each parent

retained counsel. Mother and Father then communicated via their respective attorneys. The child was born in November 2014, and in January of the following year, Father filed a complaint to establish paternity of the child. After Father's paternity was established, he was granted supervised visitation with the child, which occurred for three hours a week at a local mall. Father was also ordered to pay child support.

{¶ 3} After several months of supervised visitation, Father's parenting time was modified to unsupervised visitation, and was increased in frequency and duration. Father and Mother filed several motions with the trial court regarding parentage, visitation, and financial issues. A magistrate held a hearing on the parties' motions, and during that hearing, Father moved the court to change the child's surname. The magistrate issued a decision in which Mother was named custodian of the child, her school district was used to establish where the child would attend school, and Mother and Father were given close to equal parenting time. However, the magistrate did not address Father's request to change the child's name.

{¶ 4} Both parties filed objections to the magistrate's decision, and the trial court then addressed and granted the name-change request by ordering the child's surname to be a hyphenated combination of Mother's surname and Father's surname. Mother now appeals the trial court's decision to change the child's last name, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION IN CHANGING THE CHILD'S SURNAME BECAUSE THE BURDEN OF PROOF TO CHANGE THE CHILD'S SURNAME WAS NOT SATISFIED AND THERE WAS INSUFFICIENT EVIDENCE AS A MATTER OF LAW THAT A NAME CHANGE WAS IN THE CHILD'S BEST INTEREST.

{¶ 6} Mother argues in her assignment of error that the trial court erred in changing the child's name.

{¶ 7} "When reviewing a trial court's decision determining that a child's name either should or should not be changed, a reviewing court may not substitute its own judgment for that of the trial court, but it must consider whether the trial court abused its discretion." *D.W. v. T.L.,* 134 Ohio St.3d 515, 2012-Ohio-5743, ¶ 10. A trial court's decision regarding a name change will not be reversed unless there is "insufficient evidence as a matter of law that a name change is in the best interest of the child." *Id.*

{¶ 8} The Ohio supreme Court has determined that in making a name-change decision, a court should consider several factors when determining the best interests of that child. *Bobo v. Jewell,* 38 Ohio St.3d 330 (1988). Those factors include: (1) the length of time that the child has used a surname, (2) the effect of a name change on the father-child relationship and on the mother-child relationship, (3) the identification of the child as part of a family unit, (4) the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's name, (5) the preference of the child if the child is of an age and maturity to express a meaningful preference, (6) any other factor relevant to the child's best interest, (7) whether the child's surname is different from the surname of the child's residential parent, and (8) parental failure to maintain contact with and support of the child. *D.W.,* 2012-Ohio-5743 at ¶ 16. A parent who seeks to alter the child's name bears the burden of presenting sufficient evidence to affirmatively demonstrate that the change is in the child's best interest. *Id.* at ¶ 17.

{¶ 9} After listing the factors for consideration in its rule section, the trial court addressed case law that indicated the positive impact a hyphenated name could have on a child of unmarried parents. *See Knauer v. Keener,* 143 Ohio App.3d 789, 793 (2d Dist.2001) ("a combined surname is a solution that recognizes each parent's legitimate claims and threatens neither parent's rights" and "a dual name would help the child identify with both parents * * *"). Thereafter, the trial court considered the evidence as pertinent to

the factors listed above.

{¶ 10} At the time of the hearing, the child was only several months old, and as such, was not old enough to identify with her birth name. Despite the fact that Mother is the residential parent, the court noted Father's intent on being "very involved" in the child's life and having almost equal parenting time as Mother. The court also considered Father's testimony that he wanted the child identified with him, and that the child had not yet developed any identity with the last name Mother gave her because she is not old enough to speak. Based on the facts and circumstances of the case, as well as the controlling law, the court then determined that the name change was in the child's best interest. We find no abuse of discretion in the trial court's decision.

{¶ 11} Mother's assignment of error is, therefore, overruled.

Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.